BENJAMIN B. WAGNER
United States Attorney
BRIAN W. ENOS
STANLEY A. BOONE
Assistant United States Attorney
United States Courthouse
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for the
 United States of America

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>DAVID CHARLES ZASTROW,<br><br>    Defendant. | Case No. 1:10-cr-00160 LJO<br><br>**MEMORANDUM OF PLEA AGREEMENT UNDER RULE 11(c)(1)(C) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE**<br><br>Date: TBD<br>Time: TBD<br>Ctrm.: Four<br><br>Hon. Lawrence J. O'Neill |

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the United States of America, by and through Benjamin B. Wagner, the United States Attorney for the Eastern District of California, and Assistant United States Attorneys Brian W. Enos and Stanley A. Boone, has agreed with defendant David Charles Zastrow ("defendant"), and his attorney, Eric V. Kersten, Esq., as follows:

1. <u>Charges</u>.

The defendant acknowledges that he has been charged in an indictment as follows:

1

Coercion and Enticement, in violation of Title 18, United States Code, Section 2422(b) (Count One);

Travel in Interstate Commerce to Engage in Illicit Sexual Activity, in violation of Title 18, United States Code, Section 2423(b) and (e) (Count Two); and

Kidnapping, in violation of Title 18, United States Code, Section 1201(a) and (g).

The defendant will plead guilty to Count Two of the indictment.

2. <u>Nature, Elements and Possible Defenses</u>.

The defendant has read the charges against him contained in the indictment, and those charges have been fully explained to him by his attorney. Further, the defendant fully understands the nature and elements of the crime charged in Count Two of the indictment to which he is pleading guilty, together with the possible defenses thereto, and he has discussed them with his attorney.

The elements of the crime of Travel in Interstate Commerce to Engage in Illicit Activity, as alleged in Count Two of the indictment, are as follows:

    First, the defendant knowingly traveled in interstate commerce;

    Second, the defendant's purpose in traveling was to engage in a sexual act with an individual under 18 years of age;

    Third, the sexual act intended would be a violation of federal law if it had occurred in the special maritime or territorial jurisdiction of the United States; and

    Fourth, the victim is less than 16 years of age.

3. _Agreements by the Defendant_.

(a) Defendant agrees that this plea agreement shall be filed with the court and become a part of the record of the case.

(b) Defendant agrees to enter a plea of guilty to Count Two of the indictment which charges him with Travel in Interstate Commerce to Engage in Illicit Sexual Activity, in violation of Title 18, United States Code, Section 2423(b) and (e).

(c) As likewise specified within Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, defendant understands and agrees that the court can either accept this plea agreement entered into by the parties, at which time it will be binding upon the court, or the court can reject the agreement. If the court rejects the agreement, the defendant will have the option of requesting a trial or pleading guilty to the charges in the indictment without an agreement with the government.

(d) The defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal his plea, conviction or any sentence imposed. Acknowledging this, the defendant knowingly and voluntarily waives his Constitutional and statutory rights to appeal his plea, conviction, or his sentence. This waiver of appeal includes, but is not limited to, an express waiver of defendant's rights to appeal his plea, conviction, sentence or restitution on any ground, including any appeal right conferred by 18 U.S.C. § 3742 or otherwise. The defendant further agrees not to contest his plea, conviction, or sentence in any post-conviction proceeding, including but not limited to a proceeding under 28 U.S.C. § 2255 or § 2241.

(e) The defendant further acknowledges that his plea of guilty is voluntary and that no force, threats, promises or representations have been made to anybody, nor agreement reached, other than those set forth expressly in this agreement, to induce the defendant to plead guilty.

(f) The defendant agrees to waive all rights under the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), to recover attorney's fees or other litigation expenses in connection with the investigation and prosecution of all charges in the above-captioned matter and of any related allegations (including without limitation any charges to be dismissed pursuant to this Agreement and any charges previously dismissed).

(g) Defendant acknowledges that the sentencing court will consult the United States Sentencing Guidelines ("USSG") and will look to them in determining a reasonable sentence. Defendant further agrees that his conduct is governed by USSG Section 2G1.3, and that the base offense level for his crime is twenty-four (24).

(h) The defendant agrees that the minor was in his custody, care, or supervisory control, and this will increase his base offense level by two (2) levels under USSG § 2G1.3(b)(1).

(i) The defendant agrees that the offense involved his unduly influencing a minor to engage in prohibited sexual conduct, and this will increase his base offense level by two (2) levels under USSG § 2G1.3(b)(2).

(j) The defendant agrees that the offense involved the commission of a sex act or sexual contact, and this will increase

his base offense level by two (2) levels under USSG § 2G1.3(b)(4).

 (k) The defendant agrees that his total offense level, after reduction of three (3) levels for acceptance of responsibility, will be twenty seven (27). The defendant agrees that one component of an overall "reasonable sentence" will include a term of federal imprisonment at the high end of the relevant sentencing guideline range, depending on his criminal history category. Specifically, this term of imprisonment is Eighty Seven (87) months if defendant falls into Criminal History Category I. Defendant agrees that he will not request a sentence of imprisonment lower than the top of the relevant guideline range, when applied to the applicable criminal history category, by way of a request for a sentence below the top of the sentencing guideline range, a downward departure in offense level or criminal history category, or by reference to sentencing factors under 18 U.S.C. § 3553(a) or any other means.

 (l) The defendant agrees that one component of an overall reasonable sentence will be a term of supervised release of 180 months (15 years). One condition of supervised release which the defendant will agree to is to have no further contact, in any form, with the minor victim, the minor victim's immediate family and any grandparent of the minor victim.

 (m) If the defendant's conviction on the count to which he is pleading is ever vacated at the defendant's request, or his sentence is ever reduced at his request, the government shall have the right (1) to prosecute the defendant on any of the counts to which he pleaded guilty, (2) to reinstate any counts

that may be dismissed under this agreement, and (3) to file any new charges that would otherwise be barred by this agreement. The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office. By signing this agreement, the defendant agrees to waive any objections, motions, and defenses he might have to the government's decision, including Double Jeopardy. In particular, he agrees not to raise any objections based on the passage of time with respect to such counts including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

    (n) The defendant agrees not to move for a downward departure in this case, including a downward departure in offense level or criminal history category. He will not do this directly or indirectly or in any other way request a sentence of imprisonment lower than the 87-month term if he is in criminal history category I.

    (o) The defendant agrees that his release pending sentencing is restricted by 18 U.S.C. § 3143(a), and he agrees that he will be remanded into custody upon entry of his guilty plea.

    (p) The defendant acknowledges that he has been advised, and he understands, that under the Sex Offender Registration and Notification Act, a federal law, that he must register and keep his registration current in each of the following jurisdictions: where he resides, where he is an employee, and where he is a student. He understands that the requirements for registration include providing his name, his residence address, and the names

and addresses of any places where he is or will be an employee or student, among other information. He further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or student not later than three business days after any change in name, residence, employment, or student status. The defendant has been advised, and understands, that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

4. <u>Agreements by the Government</u>.

(a) The government will recommend a three-level reduction in the computation of his offense level if the defendant clearly demonstrates acceptance of responsibility for his conduct as defined in Section 3E1.1 of the United States Sentencing Commission Guidelines Manual.

(b) The government will dismiss Counts One and Three of the indictment in this case if the defendant is sentenced under the terms of this plea agreement.

(c) Assuming the defendant is in Criminal History Category I, the government anticipates that the defendant's sentencing range under the U.S. Sentencing Guidelines will be 70-87 months, and the government will recommend a sentence that includes a term of imprisonment of no more than 87 months imprisonment.

(d) The government agrees that an additional component of a reasonable sentence will be a term of supervised release of fifteen years (180 months).

///

1 | 6. Factual Basis.

The defendant will plead guilty because he is in fact guilty of the crime set forth in Count Two of the indictment. Defendant also agrees that the following are the facts of this case, although he acknowledges that, as to other facts, the parties may disagree:

> Beginning on an unknown date but no later than approximately March 2010 and continuing through approximately April 13, 2010, within the Middle District of Florida and Eastern District of California and elsewhere, defendant traveled in interstate commerce from Florida to California for the purpose of engaging in illicit sexual conduct with a known minor and engaged in such conduct. During the commission of such conduct, the minor was influenced by defendant and was in his custody and control. Defendant maintained custody of the minor for several weeks. Prior to taking custody and control of the minor, the defendant, through the use of cell phone communications, regularly communicated with the known minor. He obtained custody and control of the known minor without her parents' knowledge and/or permission.

7. Potential Penalties.

Defendant understands that because the count to which he is pleading guilty occurred after November 1, 1987, the court will be required to consult the Sentencing Guidelines adopted by the United States Sentencing Commission.

The following are the potential penalties that the defendant faces:

**18 U.S.C. § 2423(b) and (e): Travel in Interstate Commerce to Engage in Illicit Sexual Activity and Attempt:**

(a) Imprisonment.

    Minimum (Mandatory): None.

    Maximum: Thirty (30) years.

(b) Fine.

8

Maximum: Two Hundred Fifty Thousand Dollars ($250,000).

(c) Both such fine and imprisonment.

(d) Term of Supervised Release.

Minimum: Five Years.

Maximum: Lifetime (18 U.S.C. § 3583(k))

(Should the defendant violate any of the terms of his supervised release, he can be returned to prison for the remaining period of supervised release actually imposed by the court or five years, whichever is less.)

(e) Penalty Assessment:

Mandatory: One Hundred Dollars ($100).

8. <u>Waiver of Rights</u>.

Defendant understands that by pleading guilty he surrenders certain rights, including the following:

(a) If defendant persisted in a plea of not guilty to the charges against him, he would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by a judge sitting without a jury. Defendant has a right to a jury trial. But in order that the trial be conducted by a judge sitting without a jury, defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

(b) If the trial were a jury trial, the jury would be composed of twelve lay persons selected at random. Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent

9

and that it could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt.

    (c) If the trial were held before a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he was persuaded of the defendant's guilt beyond a reasonable doubt.

    (d) At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence on his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court. At trial, the defendant would also have the right to assistance of legal counsel. If he could not afford legal counsel, one would be appointed for him by the court at no expense to him.

    (e) At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from this refusal to testify.

    Defendant understands that by pleading guilty he is waiving all of the rights set forth above and defendant's attorney has explained those rights to him and the consequences of his waiver of those rights.

///
///

9. <u>Questions by Court</u>.

Defendant understands that if the court questions him under oath, on the record and in the presence of counsel, about the offense to which he has pleaded guilty, his answers, if false, may later be used against him in a prosecution for perjury.

10. <u>Entire Agreement</u>.

This plea of guilty is freely and voluntarily made and not the result of force or threats or of promises apart from those set forth in this plea agreement. There have been no representations or promises from anyone as to what sentence this Court will impose.

11. <u>Court not a Party</u>.

It is understood by the parties that the sentencing court is neither a party to nor bound by this agreement and the sentencing judge is free to impose the maximum penalties as set forth in paragraph 7, to the extent this is consistent with the provisions of Rule 11(c)(1)(C). Further, in making its sentencing decision, the Court may take into consideration any and all facts and circumstances concerning the criminal activities of defendant, including activities which may not have been charged in the indictment.

12. <u>Presentence Report</u>.

Defendant understands that the United States Probation Office is not a party to this agreement and will conduct an independent investigation of defendant's activities and his background. It will then prepare a presentence report which it will submit to the Court as its independent sentencing recommendation. In addition, the government will fully apprise

the Probation Office, as well as the Court, of the full and true nature, scope and extent of the defendant's criminal activities, including information on his background and criminal history.

BENJAMIN B. WAGNER
United States Attorney

DATED: 5/22/11          By  /s/ Brian W. Enos
                            BRIAN W. ENOS
                            STANLEY A. BOONE
                            Assistant U.S. Attorneys

DATED: 5/20/11              /s/ David Charles Zastrow
                            DAVID CHARLES ZASTROW
                            Defendant

DATED: 5/20/11              /s/ Eric V. Kersten
                            ERIC V. KERSTEN
                            Attorney for Defendant