DANIEL J. BRODERICK, Bar #89424
Federal Defender
ERIC V. KERSTEN, Bar #226429
Assistant Federal Defender
Designated Counsel for Service
2300 Tulare Street, Suite 330
Fresno, California 93721-2226
Telephone: (559) 487-5561

Attorney for Defendant
David Charles Zastrow

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    *Plaintiff,*<br><br>v.<br><br>DAVID CHARLES ZASTROW,<br><br>    *Defendant.* | No. 1:10-cr-00160 LJO<br><br>DEFENDANT'S SENTENCING MEMORANDUM AND FORMAL OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT<br><br>Date: August 26, 2011<br>Time: 9:00 a.m.<br>Judge: Hon. Lawrence J. O'Neill |

The 11(c)(1)(C) plea agreement in this matter was approved by the victim's family. It contains a stipulated 87-month term of imprisonment. The Advisory Presentence Investigation Report (PSR) also recommends that an 87-month term of imprisonment be imposed. Defendant David Zastrow respectfully requests that the court follow the agreement and impose the recommended 87-month term. He objects, however, to several proposed conditions of supervised release. He also requests that several factual assertions be amended and/or deleted from the PSR. Mr. Zastrow made these same objections in his Informal Objections. Nothing was amended or deleted in response. Rather, portions of Zastrow's suggested factual changes were included as Mr. Zastrow's "written rebuttal."

**FORMAL OBJECTIONS**

**A.** **Factual Objections**

    **¶¶23 and/or 24** should be amended or deleted. Initially, it should be noted that investigation was

not necessary to reveal that Zastrow was a nudist. This was common knowledge that did not need to be "revealed." More significantly, while the remainder of ¶23 accurately reflects information in police reports, the reports do not accurately reflect what the sister actually stated in her recorded statement to a police investigator.

In the sister's recorded statement, she does state that Zastrow told the girls about masturbation, but she explains that Zastrow only told them about it in general terms. There was never any touching and Zastrow never showed them how to do it. In response to questioning, the sister also stated that she had never seen Zastrow with an erection (i.e., it was never stiff), that she had never seen anything come out of Zastrow's penis, and that she had never seen anything on it. While the sister also stated that on one occasion the victim pretended to masturbate in front of her, and that *maybe* Zastrow and his son were there, she also stated that the victim was just playing around and she didn't actually touch herself. Also, regarding the game where the victim purportedly tried to "squish" Zastrow's "wee wee" with her "butt," this happened one time when they were playing. The sister also clarified that while she thought the victim tried to squish Zastrow's wee wee in her butt, she was not really sure. (Also, in the victim's interviews, she denied playing this game.) Regarding kisses between Zastrow and the victim, the sister stated they were quick kisses on the lips, but not like boyfriend and girlfriend. She then stated that once there were slobbery kisses, which she described as lots of little kisses while they moved their heads back and forth, but she stated this happened when they were playing around and that Zastrow and the victim had their mouths closed. Also, regarding the statement that Zastrow and the children would "have fun," the sister's description of having fun clarified that this was just playing around like kids. It did not have a sexual connotation. The sister also stated that Zastrow never touched her inappropriately and that she never saw him touch the victim or her brother in a bad way.

**¶26** is not relevant and should be deleted. While it seems to imply that Zastrow and the victim may have engaged in sexual intercourse, this is contradicted by the evidence in the case. Even in the victim's third statement, when she stated that she was molested by Zastrow, she stated that he only touched her with his finger and that, on one occasion, he started to kiss her on the outside of her private area, but she felt uncomfortable and he stopped after five seconds when she asked him to do so. Like her sister, the victim stated that she had never seen Zastrow with an erection. And, after Zastrow was arrested, the victim

submitted to a sexual assault exam and there was no indication of sexual activity.

¶¶**28 and/or 29** should be amended or deleted as ¶28 mis-characterizes the prior situation. The girl referred to in paragraph stated unambiguously that Zastrow's juvenile son was her boyfriend and that Zastrow had never touched her inappropriately. While initially she did run away with Zastrow and his son, she did not run away a second time. Rather, she left with her parents permission on the second occasion and remained in contact with them. In addition, it was not discovered that the girl and Zastrow's son were being recorded when they were sexually active. Rather, she suspected this was occurring. Zastrow's computer and camera were seized when he was arrested in Sacramento and additional cameras and hard drives were retrieved from Zastrow's storage locker in Florida. No such material was discovered on any of theses devices. Also, the girl and Zastrow's son were legally married once she turned 18. Per Zastrow's son, they were not sexually active prior to that time. They were Seventh Day Adventists and were married to be able to engage in sexual activity. While the girl's internet use was monitored, this was because she visited graphic "anime" sites against Zastrow's wishes and she continued to do so after she was asked to stop. If the computer visited pornography sites featuring girls under age 16, these sites may well have been linked to the anime sites. Child pornography was not discovered on Zastrow's electronic devices and, as the government states in every child pornography search warrant I can recall, child pornography collectors rarely, if ever, abandon their collections. Finally, regarding the allegation that the girl devised a ruse to "escape" from Zastrow and his son, this was hardly necessary as Zastrow willingly drove the girl to Texas to visit her parents. While she may have thought of this as a ruse, clearly Zastrow would not have driven her to her parents' residence in a different state if she was being held captive.

¶**30** should be deleted or amended. While Zastrow's name appeared during an investigation of individuals who were interested child pornography in 2001, it was never established he was actually associating with these individuals as there was insufficient evidence to obtain a search warrant for Zastrow or his belongings. Also, as stated above, child pornography was not discovered on Zastrow's electronic devices, including those in storage, when he was arrested and collectors rarely, if ever, abandon their collections.

¶**48** should be deleted. The victim's sister, who was never suspected of trying to protect Zastrow, stated that Zastrow never touched her in a bad way and that she was not concerned about him.

**B.     Objections to Recommended Special Conditions of Supervised Release**

The sentencing guidelines provide express limits on the imposition of supervised release conditions that prohibit defendants from engaging in specified occupations, or that limit the terms under which the defendant may do so. *United States v. Britt*, 332 F.3d 1229, 1232 (9th Cir. 2003) Such conditions may be imposed only if the court first determines: (1) that a reasonably direct relationship existed between the defendant's occupation, business, or profession and the conduct relevant to the offense of conviction; and (2) that imposition of such a restriction is reasonably necessary to protect the public because there is reason to believe that, absent such restriction, the defendant will continue to engage in unlawful conduct similar to that for which the defendant was convicted. USSG § 5F1.5(a); *Britt*, 332 F.3d at1232. Only if the court determines that the defendant's occupation is related to the offense of conviction can occupational restrictions be imposed. USSG § 5F1.5(a); *Britt*, 332 F.3d at 1232. Further, if the court decides to impose an occupational restriction, it can only impose the restriction "for the minimum time and to the minimum extent necessary to protect the public." USSG § 5F1.5(b); *Britt*, 332 F.3d at1232.

Here, Mr. Zastrow does not suggest that no occupational restrictions which limit his contact with children may be imposed. However, the imposition of such conditions requires factual findings, and they may only be imposed "*to the minimum extent necessary* to protect the public."

**Page 30, ¶4.** Mr. Zastrow objects to this computer possession or usage restriction as his offense did not involve a computer. Rather, his communications with the victim were via cell phone. Also, because many occupations involve use or access to computers, this restriction could constitute an improper occupational restriction.

**Page 30, ¶5.** Mr. Zastrow requests that this condition which prohibits him from engaging in any occupation "which exposes him *directly or indirectly* to children under the age of 18," be modified and/or clarified. Mr. Zastrow wants to work, and needs to work, upon his release from prison. It is difficult to imagine any occupation which will never expose him *directly or indirectly* to children under the age of 18. Also, occupational restrictions may only be imposed "*to the minimum extent necessary* to protect the public." USSG § 5F1.5(b) (emphasis added).

**Page 31, ¶nine.** Mr. Zastrow requests that this restriction on employment be deleted, as his offense did not involve a computer, and occupational restrictions may only be imposed "*to the minimum extent*

*necessary* to protect the public." USSG § 5F1.5(b) (emphasis added).

## CONCLUSION

Based on the foregoing, defendant David Zastrow requests that this Court impose an 87-month term of imprisonment, and that the PSR and proposed conditions of supervised release be amended as requested.

DATED: August 23, 2011

Respectfully submitted,

DANIEL J. BRODERICK
Federal Defender


 /s/ Eric V. Kersten
ERIC V. KERSTEN
Assistant Federal Defender
Attorney for Defendant
David Charles Zastrow